**MEMO ENDORSED**

**RECEIVED**
JUL 01 2011
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

# FOLKENFLIK & McGERITY

ATTORNEYS AT LAW

1500 BROADWAY
NEW YORK, NEW YORK 10036

WRITERS E-MAIL MMAX@FMLAW.NET

TELEPHONE: 212-757-0400
FAX: 212-757-2010

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/5/11

July 1, 2011

**VIA HAND DELIVERY**

Honorable Richard M. Berman
United States District Court, SDNY
Daniel Patrick Moynihan
United States Courthouse Courtroom 21B
500 Pearl Street
New York, NY 10007-1312

> The briefing schedule for Plaintiffs' motion for class certification is suspended. A pre-motion conference is scheduled for 7/20/11 at 11:00 a.m.
>
> SO ORDERED:
> Date: 7/5/11
> Richard M. Berman, U.S.D.J.

Re: *Gersten v. Deloitte & Touche LLP et al - 1:11-cv-02461-RMB*

Dear Judge Berman:

I am writing to respond to Mr. Swartz's letter to the Court of June 30, 2011. I am sure Mr. Swartz is as concerned as I that notice is promptly to Class Members that they may have a claim against Deloitte & Touche, LLP and Deloitte, LLP ("Deloitte") under the Fair Labor Standards Act for unpaid overtime. In the current procedural posture, the best chance for obtaining that result is to allow the *Gersten* motion to go forward as scheduled rather than to interfere with it. That this request for interference comes from counsel in a case that was filed after *Gersten*, not yet transferred to this district, not yet even before this Court let alone consolidated with this action, and counsel is not even firmly to committed to consolidation,[1] all make the request particularly inappropriate.

Your Honor has established a very challenging schedule for this case and both Plaintiff and Defendants have been working hard to move this case forward at an accelerated pace. The Class Plaintiff's deposition has been completed, substantial discovery has been produced, additional discovery has been served and response

---

[1] Mr. Swartz's letter states "while we have not seen Defendant's application, *our initial view*, it is that consolidation would be appropriate" (Swartz letter to Court 6/30/11, at 2)(emphasis supplied).

FOLKENFLIK & McGERITY

Honorable Richard M. Berman
July 1, 2011
Page 2

dates are fast upcoming. The parties are negotiating for a date regarding depositions by Defendant. Plaintiff has only three months to conclude discovery in a case that is both nationwide, and also includes a New York class which required, in additional, a class certification motion under Rule 23 (a class not represented in the *James* FLSA only action).

The *James* case seems to have been filed in order to insert an FLSA claim into *Brady v. Deloitte & Touche LLP*, No. No. C 08-00177 SI (N.D. Cal.). I understand consolidation was requested in that case but denied by the Court. Thereafter Defendant moved to stay *James* or transfer the proceeding under Section 1404(a). Judge Ware determined that he should transfer the case, and leave to Your Honor the decision as to how to proceed.

Given the facts of this case, I do not consider that determination to be an easy one. It should best be addressed by the Court in conference with all parties, after the *James* case is actually before Your Honor. Accordingly, I respectfully oppose the relief requested by Mr. Swartz.

Respectfully,

Max Folkenflik

MF/vm
cc:   Peter A. Walker, Esq. *(via e-mail)*
      Christopher Lowe, Esq. *(via e-mail)*
      H. Tim Hoffman, Esq. *(via e-mail)*
      Justin M. Swartz, Esq. *(via e-mail)*