UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
IN RE: DELOITTE & TOUCHE OVERTIME      :    11 Civ. 2461 (RMB)
LITIGATION                                                  :
                                                            :    **ORDER**
------------------------------------------------------------x

      Having reviewed the record herein, including, among other things, **(i)** the complaint, filed in this Court on April 11, 2011 by Dina Z. Gersten ("Gersten"), on behalf of herself and all others similarly situated, against Deloitte & Touche LLP and Deloitte LLP (collectively, "Deloitte" or "Defendants"). The complaint alleges that Deloitte failed to and continues to fail to pay overtime "to employees employed in the positions of [non-licensed] Audit Assistants, Audit Senior Assistants, Audits In-Charge, and Audit Seniors" for work performed in excess of forty (40) hours per week, in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq., and New York Labor Law §§ 650 et seq. ("NYLL") (Gersten Compl., dated April 11, 2011, at ¶¶ 1, 5); **(ii)** a second class action complaint alleging similar FLSA violations (but not NYLL violations) against Deloitte initially filed in the United States District Court for the Northern District of California on or about April 26, 2011 by Jason James ("James") and transferred to this Court on or about June 23, 2011 (see Order, No. C 11-2027 (JW) (N.D. Cal.), dated June 23, 2011); **(iii)** the order consolidating the Gersten and James actions (see Consolidation Order, dated Nov. 22, 2011); **(iv)** the consolidated class action complaint, filed August 20, 2011 by Gersten and James (collectively, "Plaintiffs"); **(v)** Plaintiffs' motion, filed August 15, 2011, seeking conditionally to certify a class of employees consisting of Audit Assistants, Audit Senior Assistants, Audits In-Charge, and Audit Seniors (collectively, "Audit Class Members") as similarly situated and to authorize notice to Audit Class Members pursuant to Section 216(b) of the FLSA. Plaintiffs contend that they have "demonstrat[ed] that Audit

Class Members performed essentially the same job duties, were subject to the same restrictions on their discretion and judgment, . . . were paid under the same compensation policies," and were subjected to "Deloitte's [improper] classification of them as exempt from the FLSA's overtime protections." (Pls.' Mem. of Law in Supp. of Mot. for Conditional Certification and Court Authorized Notice Pursuant to Section 216(b) of the FLSA, dated Aug. 15, 2011 ("Pls. Mem."), at 1–2, 15); **(vi)** Defendants' opposition, dated August 24, 2011, arguing that "many [Audit] [C]lass [M]embers testify that they perform substantive auditing work, [and] independently exercis[e] discretion and judgment" (Defs.' Mem. of Law in Opp'n to Pls.' Mot. for Conditional Class Certification, dated Aug. 24, 2011 ("Defs. Mem."), at 1); **(vii)** Plaintiffs' reply, filed September 7, 2011 (see Pls.' Reply Mem. of Law, dated Sept. 7, 2011 ("Pls. Reply")); **(viii)** the parties' letters, dated September 13, September 23, and September 29, 2011, discussing supplemental case authorities, including Wong v. Deloitte & Touche, LLP, et al., No. BC 40127 (L.A. Sup. Ct. Sept. 7, 2011) and Ho v. Ernst & Young LLP, No. 5:05-cv-04867-JF (N.D. Cal. Sept. 20, 2011) (see Defs.' Ltr., dated Sept.13, 2011; Pls.' Ltr., dated Sept. 23, 2011; Defs.' Ltr., dated Sept. 29, 2011); and applicable law, **the Court hereby grants Plaintiffs' motion for conditional certification and court-authorized notice,** for the following reasons:

Preliminarily, Plaintiffs have made the requisite "modest factual showing" that they and the Audit Class Members are (1) similarly situated with respect to their job requirements, (2) similarly situated with regard to their pay provisions, and (3) classified as exempt pursuant to a common Deloitte policy or scheme. See Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010). Plaintiffs have also made the "modest factual showing" that (4) "the propriety of the classification may be determined on a collective basis." Kress v. PriceWaterHouseCoopers, 263 F.R.D. 623, 630 (E.D. Cal. 2009) (conditionally certifying a similar class of non-licensed

2

associates and senior associates in PricewaterhouseCoopers' assurance, advisory, and tax divisions pursuant to Section 216(b) of the FLSA); Brady v. Deloitte & Touche LLP, No. C-08 00177 (SI), 2010 WL 1200045, at *7–8 (N.D. Cal. Mar. 23, 2010) (certifying the **identical** class of non-licensed Deloitte Audit Assistants, Audit Senior Assistants, Audits In-Charge, and Audit Seniors under Rule 23 of the Federal Rules of Civil Procedure).

(1) **Job Requirements.** Plaintiffs have submitted pleadings, affidavits, and other evidence sufficient to establish at this (first) stage that they and the Audit Class Members are similarly situated with respect to their job requirements because, among other reasons, they each perform non-exempt, clerical work to assist Certified Public Accountants ("CPAs") in the performance of audits and they each received training on how to complete an audit using Deloitte's audit methodology and procedures. (See Pl.'s Decl. in Supp. of Her Mot. for FLSA Certification, dated June 28, 2011 ("Gersten Decl."), ¶¶ 4, 6, 8, 14–17, 23–25; Decl. of Jason James in Supp. of Pl.'s Mot. for Conditional Collective Certification, dated May 25, 2011 ("James Decl."), ¶¶ 5, 9); see also Raniere v. Citigroup, No. 11 Civ. 2448, 2011 WL 5881926, at *23–24 (S.D.N.Y. Nov. 22, 2011); Kress, 263 F.R.D. at 631 (PricewaterhouseCoopers' "uniform training and methodology suffice to demonstrate that all potential class members engage[d] in sufficiently similar job duties.").

Plaintiffs have also shown that Audit Class Members are similarly situated in their inability to exercise independent judgment and discretion with respect to matters of significance. (Gersten Decl. ¶¶ 4, 8, 18–19, 32–33; James Decl. ¶¶ 12–13; Decl. of Max Folkenflik in Supp. of Pls.' Mot. for Conditional Certification and Court Authorized Notice, dated Aug. 10, 2011 ("Folkenflik Decl."), Exs. D & E). Pursuant to Deloitte's Audit Approach Manual, all tasks performed by Audit Class Members are "subject to multiple levels of detailed review." (Gersten

Decl. ¶ 9; James Decl. ¶ 13; Folkenflik Decl. Exs. D & E.) Likewise, accountant licensing laws and professional rules "uniformly limit" the Audit Class Members' to "assisting Deloitte's CPAs in providing public accountancy services." (Pl. Mem. at 10); Brady, 2010 WL 1200045, at *2–5.

Deloitte argues that some Audit Class Members have testified by affidavit that they "perform substantive audit-testing work" and "regularly exercise[] independent discretion and judgment."[1] (Defs. Mem. at 4–6.) Deloitte's fact-intensive inquiry is premature at the conditional certification stage. See Raniere, 2011 WL 5881926, at *25. "[T]o balance the parties' competing affidavits at this stage would require the Court to determine the facts, determine credibility of the affiants, and resolve legal contentions, all of which the conditional certification and potential later decertification process is structured so as to avoid." Id. at *26; see Cohen v. Gerson Lehrman Grp., Inc., 686 F. Supp. 2d 317, 330 (S.D.N.Y. 2010).[2]

(2) **Pay Provisions.** Plaintiffs have demonstrated that Audit Class Members are similarly situated with respect to their pay provisions because, among other things, each regularly "work[s] in excess of 40 hours per week" and was "never paid overtime." (Gersten Decl. ¶ 10; James Decl. ¶ 14.) It was also "Deloitte's national policy that during the 'busy season,' all Audit Class Members were required to bill 55 hours of work per week." (Gersten Decl. ¶ 10; James Decl. ¶ 14.)

(3) **Common Policy.** Plaintiffs have also demonstrated that Deloitte classifies each of the Audit Class Member as exempt from the FSLA's overtime protections under the

---

[1] It should be noted that "the evidentiary value of [Deloitte's] affidavits, is sharply limited by the fact that [P]laintiff[s] ha[ve] not yet had an opportunity, at the time the instant motion was fully submitted, to depose any of the affiants." Damassia v. Duane Reade, No. 04 Civ. 8819, 2006 WL 2853971, at *7 (S.D.N.Y. Oct. 5, 2006); (see also Pls. Mem. at 3).

[2] "At the second stage, the . . . [C]ourt will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted-in are in fact 'similarly situated' to the named plaintiffs." Myers, 624 F.3d at 555.

4

administrative and professional exemptions "without making any person-by person exemption determination." (Pl. Mem. at 2); see also Damassia, 2006 WL 2853971, at *3; Davis v. Abercrombie & Fitch Co., No. 08 Civ. 1859, 2008 WL 4702840, at *9–10 (S.D.N.Y. Oct. 23, 2010).

(4) **Exempt Classification.** Plaintiffs have demonstrated that Deloitte's alleged improper classification of Audit Class Members as exempt from overtime pay requirements "may be determined on a collective basis." Kress, 263 F.R.D. at 631. Class-wide determination is appropriate because Deloitte's training and audit methodology (and applicable accounting professional standards) appear to uniformly apply to Audit Class Members. See Id.; Brady, 2010 WL 1200045, at *5. These uniform standards directly address whether Audit Class Members exercise discretion and independent judgment. See Kress, 263 F.R.D. at 630–31; 29 C.F.R. § 541.200(a). In Kress, the court found that PricewaterhouseCooopers' "uniform training" and "supervision of class members . . . may allow class wide determination as to whether employees exercise discretion and independent judgment with respect to matters of significance." Kress, 263 F.R.D. at 631. Likewise, the court in Brady found numerous questions of facts or law that are common to the proposed class, including "whether standardized policies and procedures prevented the class members from customarily and regularly exercising discretion and independent judgment with respect to matters of significance." Brady, 2010 WL 1200045, at *4.

**Notice to Class**

The Court authorizes that notice of this action (in the form attached hereto) be sent to all potential class members. See Myers, 624 F.3d at 554 ("[D]istrict courts have discretion . . . to implement Section 216(b) . . . by facilitating notice to potential plaintiffs of the pendency the

5

action and of their opportunity to opt-in as represented plaintiffs."). The notice shall also be posted on Plaintiffs' counsel's website at www.fmlaw.net.

**Conclusion & Order**

Plaintiffs' motion for conditional class certification and for court authorized notice [#39] is granted. The parties are also directed to appear before the Court for a status and settlement conference on February 16, 2012 at 10:00 a.m. in Courtroom 21B of the United States Courthouse, 500 Pearl Street, New York, New York. **The parties are directed to engage in good faith settlement negotiations prior to the conference.**

Dated: New York, New York
      December 16, 2011

_/s/ RMB_
**RICHARD M. BERMAN, U.S.D.J.**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/11
```

6

## NOTICE OF LAWSUIT

To: ALL FORMER AND CURRENT EMPLOYEES OF DELOITTE & TOUCHE LLP, WHO, AT ANY TIME DURING THE THREE (3) YEARS PRIOR TO THE DATE OF THIS NOTICE, (A) WERE EMPLOYED BY DELOITTE IN THE POSITION OF AUDIT ASSISTANT, AUDIT ASSISTANT SENIOR, AUDIT IN-CHARGE AND/OR AUDIT SENIOR (ALSO KNOWN AS STAFF 1, STAFF 2, OR SENIOR 1, SENIOR 2); AND (B) WERE NOT LICENSED AS CERTIFIED PUBLIC ACCOUNTANTS DURING THE TIME THAT THEY WORKED IN THE POSITION.

**THIS NOTICE MAY AFFECT YOUR RIGHTS.
PLEASE READ IT CAREFULLY.**

**YOU ARE HEREBY NOTIFIED AS FOLLOWS:**

Two former employees of Deloitte & Touche LLP ("Plaintiffs") have filed a lawsuit against Deloitte & Touche LLP and Deloitte LLP ("Deloitte") in the United States District Court for the Southern District of New York, claiming that Deloitte misclassified them as exempt employees and failed to pay them overtime for hours they worked over 40 in a workweek as required by law.

Deloitte denies the allegations made by Plaintiffs and asserts that the Plaintiffs were paid correctly and in accordance with law.

The lawsuit is now proceeding as a conditionally certified collective action on behalf of all Audit Assistants, Audit Senior Assistants, Audit In-Charge and Audit Seniors (also known as Staff 1, Staff 2, or Senior 1, Senior 2) (together, "Audit Employees") who work or worked for Deloitte and were not licensed as Certified Public Accountants at any time from April 11, 2008 through the present.

1. **Why did I get this notice?**

   You are getting this notice because Deloitte's records show that you work or worked as an Audit Employee and were not licensed as a Certified Public Accountant during all or part of the relevant time period.

2. **What is this lawsuit about?**

   This lawsuit is about whether Deloitte misclassified Audit Employees as exempt from the requirements of the federal overtime law and should have paid them overtime for the hours that they worked over 40 in a workweek. If the Plaintiffs prevail and you are a member of the class, you may be owed back pay.

14037612v.2

**A trial may be necessary to decide whether the claims being made against Deloitte are correct.** The Honorable Richard M. Berman, United States District Court Judge in the Southern District of New York, is overseeing this collective action. The lawsuit is known as In re Deloitte & Touche LLP Overtime Litigation, No. 11 Civ. 2461.

### 3. What are the Plaintiffs asking for?

Plaintiffs are seeking to recover unpaid overtime wages. Plaintiffs also are seeking recovery of liquidated damages, attorneys' fees, and costs.

### 4. What will I get from this lawsuit?

If you choose to be included in this collective action, you may be entitled to participate in any monetary award or benefit that may come from a trial or a settlement in this lawsuit. If you participate, you give up any rights to separately sue Deloitte about the same legal claims in this lawsuit.

This notice does not mean you have a valid claim or are entitled to any monetary recovery. Any such determination must still be made by the Court.

### 5. What is a collective action and who is involved?

In a collective action lawsuit, one or more persons who have similar claims can bring a lawsuit that potentially includes others who have similar claims. All Audit Employees who decide to participate in the case are part of a "Collective" or are "Collective Action Members." The employees who brought this lawsuit – and all of the Collective Action Members – are called the Plaintiffs. The entities that they have sued – Deloitte & Touche LLP and Deloitte LLP – are called the Defendants. One Court resolves the issues for everyone who decides to join the case.

### 6. Why is this lawsuit a Collective Action?

The Court has conditionally authorized this case to proceed as a collective action under § 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). By conditionally authorizing this case to proceed as a collective action, the Court has not taken any position on the merits of this case. Moreover, since the case is only conditionally certified, the case may be decertified by the Court at a later stage.

### 7. What is Deloitte's position?

Deloitte denies all of the Plaintiffs' allegations and maintain that the Audit Employees were correctly paid in accordance with law.

### 8. What has the Court said?

The Court has not decided whether Deloitte or the Plaintiffs are ultimately correct. It has established the case is conditionally certified as a class action and authorized this Notice.

### 9. Can I join this lawsuit?

To be eligible to join this lawsuit, you must have worked as an Audit Employee at Deloitte and not have been a licensed Certified Public Accountant at any time within three years of the date you file your consent form to join this lawsuit.

### 10. I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help by speaking to your own attorney or by calling or writing the Plaintiffs' lawyers in this case:

> Max Folkenflik
> Folkenflik & McGerity
> 1500 Broadway, 21st Floor
> New York, NY 10036
> (212) 757-0400
> Deloittelawsuit@fmlaw.net

If you call or write, you should refer to the Deloitte case.

### 11. What happens if I do nothing at all?

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment or settlement rendered in this case. You will not be entitled to share any amounts that may be recovered by Plaintiffs as part of this lawsuit. You also will be free to independently retain your own counsel and to file your own individual lawsuit. You should be aware that your federal wage and hour claims are limited by a three-year statute of limitations. Delay in joining this action, or proceeding separately, may result in some or all of potential claims expiring as a matter of law.

### 12. What happens if I join the lawsuit?

If you choose to join this lawsuit, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable. You will also share in any proceeds from a settlement or judgment favorable to the Collective to the extent you are entitled to such proceeds. By joining this lawsuit, you designate the named Plaintiffs as your representatives, and you designate the named Plaintiffs to make decisions on your behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding settlement and payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit. Decisions made and agreements entered into by the named Plaintiffs will be binding on you if you join the lawsuit. While this lawsuit is pending, you may be requested to provide documents or information relating to your employment with Deloitte, or otherwise participate in written and/or oral discovery proceedings and/or in a trial of this matter.

### 13. Can Deloitte or my current employer retaliate against me if I join the lawsuit?

**It is a violation of federal law for Deloitte or any of its related entities or your current employer to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case.** If you believe that you have been penalized, discriminated against, or disciplined in any way as a result of your receiving this notification, considering whether to join this lawsuit, or actually joining this lawsuit, you may contact Plaintiffs' lawyers or any other lawyers of your choosing.

### 14. How do I ask the Court to include me in the case?

Enclosed is a form called "Consent to Join." If you choose to join this lawsuit, it is extremely important that you read, sign, and promptly return the Consent to Join form. A self-addressed and postage-paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

**Deloitte Lawsuit**
**Folkenflik & McGerity**
**1500 Broadway, 21st Floor**
**New York, NY 10036**
**(212) 757-0400**

You can also fax the Consent to Join form to (212) 757-2010 or scan and email it to deloittelawsuit@fmlaw.net.

The signed Consent to Join form must be received within [60 days from mailing of this Notice]. If the signed consent to join form is not filed by the deadline, you will not be allowed to participate in this lawsuit and you will not be entitled to participate in, and will not be bound by, any settlement or judgment of this FLSA claim.

### 15. Do I have a lawyer in this case?

If you choose to join this lawsuit, you will be represented by Max Folkenflik and other lawyers at Folkenflik & McGerity, 1500 Broadway, 21st Floor, New York, NY 10036, www.fmlaw.net, and Justin M. Swartz at Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, NY 10016, www.outtengolden.com.

### 16. Should I get my own lawyer?

You may hire your own attorney to represent you in this lawsuit if you choose.

### 17. How will the lawyers be paid?

The named Plaintiffs have entered into a contingency fee agreement with Plaintiffs' counsel. If you join the lawsuit and Plaintiffs do not win, there will be no attorneys' fees or costs charged to you. In the event there is a recovery by Plaintiffs, Plaintiffs' counsel will apply to the Court to receive either: (1) up to one-third of any settlement obtained or money judgment entered in favor of all members of the class, or (2) the actual value of

the time they spend on the case, whichever is greater. The award of any legal fees must be reviewed and decided by the Court. The fees may be part of a settlement obtained or money judgment entered in favor of Plaintiffs, or may be separately paid by Deloitte, or may be a combination of the two. A copy of the contingency fee agreement executed by the named Plaintiffs may be obtained upon request from Plaintiffs' counsel identified above and may be found along with this notice at **[INSERT WEBSITE]**.

In summary, if you choose to be included in this collective action, you may be entitled to participate in any award or benefit that may come from a trial or a settlement in this lawsuit. If you participate, you give up any rights to separately sue Deloitte about the same legal claims in this lawsuit. **If you wish to be included, you must complete and return in timely fashion the "Consent to Join" form at the end of this Notice.**

By doing nothing, you will not be included in this collective action. You keep any rights to sue Deloitte separately about the same legal claims in this lawsuit.


DATED:     [INSERT MONTH] ___, 2011

14037612v.2