# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: DELOITTE & TOUCHE OVERTIME LITIGATION | No. 11 Civ. 2461 (RMB)(KNF) |
| SANA ZARA BUKHARI, MEGAN FAYE COWELL, JANE KILLIAN, and HENRY CONTRERAS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> Deloitte & Touche LLP and Deloitte LLP, a limited liability partnership, <br><br> Defendants. | No. 12 Civ. 4290 (RMB)(KNF) |
| STEPHEN BERNDT, individually and on behalf of themselves and all others similarly situated, <br> Plaintiffs, <br> v. <br> Deloitte & Touche LLP and Deloitte LLP, <br><br> Defendants. | No. 13 Civ. 0644 (RMB)(KNF) |

## PROPOSED ORDER TO DECERTIFY THE CONDITIONALLY CERTIFIED CLASS ACTION AND TO APPROVE THE PARTIES' SETTLEMENT

On December 16, 2011, the Court conditionally certified Plaintiffs' lawsuit as a Fair Labor Standards Act ("FLSA") collective action and authorized distribution of notice of the collective action to all current and former unlicensed Audit Assistants, Audit Senior Assistants, Audit In-Charges and Audit Seniors employed by Deloitte & Touche LLP ("Deloitte") in the United States at any time since April 11, 2008. Approximately 1345 individuals chose to join the lawsuit as Opt-In Plaintiffs, including some who were

allowed to opt into the lawsuit belatedly after the opt-in period closed. In granting

conditional certification, this Court noted that,

> Preliminarily, Plaintiffs have made the requisite "modest factual showing" that they and the Audit Class Members are (1) similarly situated with respect to their job requirements, (2) similarly situated with regard to their pay provisions, and (3) classified as exempt pursuant to a common Deloitte policy or scheme. *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). Plaintiffs have also made the "modest factual showing" that (4) "the propriety of the classification may be determined on a collective basis." *Kress v. PriceWaterHouseCoopers*, 263 F.R.D. 623,630 (E.D. Cal. 2009) (conditionally certifying a similar class of non-licensed associates and senior associates in PricewaterhouseCoopers' assurance, advisory, and tax divisions pursuant to Section 216(b) of the FLSA).

(Dkt #64, pp. 2-3)

And, further that,

> "At the second stage, the ... [C]ourt will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555.

(Dkt. #64, p. 4, n.2).

Over the past three year period, the Parties have advised the Court that: discovery

was taken from the Named Plaintiffs and others who filed consents to opt into the case

and from Deloitte, including, numerous depositions and the exchange of millions of

pages of documents; the lawyers for both sides engaged in lengthy and complex analysis

of the Parties' claims and defenses; and, according to Defendants, that the discovery

taken has revealed material dissimilarities among Plaintiffs and the Opt-In Plaintiffs

related to their duties and experiences, and that, as a result, their claims and the defenses

to their claims cannot be fairly and efficiently adjudicated on a collective basis.

In addition, on July 22, 2014, the Court of Appeals for the Second Circuit, which

includes New York, ruled, according to the Parties, that unlicensed auditors in positions

similar to those at issue in *In re Deloitte & Touch Overtime Litigation* are exempt

2

professionals, not entitled to overtime under the FLSA. *See Pippins v. KPMG, LLP,*
2014 WL 3583899 (2d. Cir. 2014).

The facts specific to the case before this Court and the current state of the law in
the Second Circuit, according to the parties, demonstrate that the conditionally-certified
collective action should be decertified and that the Litigation should be settled.

THEREFORE, IT IS HEREBY ORDERED that, in light of the representations
contained in the Unopposed Motion To Decertify The Collective Action And To Approve
Settlement, dated July 31, 2015, the fact that the Motion is unopposed, the record, the
Court's familiarity with the status of this matter, and the law, the collective action
conditionally certified in this matter is DECERTIFIED on consent.

IT IS FURTHER ORDERED that the Parties' Settlement Agreement and Release
of All Claims, effective July 23, 2015 (the "Settlement Agreement") is approved, except
to the extent modified as follows by this Order :

- The claims of the Named Plaintiffs are DISMISSED WITH PREJUDICE.

- The Named Plaintiffs shall not file, institute, or serve as a class
  representative, in any action or legal proceeding against Deloitte &
  Touche LLP, Deloitte LLP or any Deloitte entities identified in the
  Settlement Agreement, arising out of or relating to the subject matter of
  the Litigation.

- The claims of the Opt-In Plaintiffs are DISMISSED WITHOUT
  PREJUDICE.

- Paragraph 3(b) of the Settlement Agreement shall be modified to provide
  that the Opt-In Plaintiffs are prohibited from filing or joining any
  collective, class or aggregate action against Deloitte & Touche LLP or
  Deloitte LLP for the claims made in this matter.

-

- Paragraph 3(b) of the Settlement Agreement shall be modified to strike the
  language requiring the Opt-In Plaintiffs to bring claims against Deloitte &
  Touche LLP or Deloitte LLP, if at all, in the United States District Court

3

for the Southern District of New York as a related case within 60 calendar days after Court approved Notice to conditional class members is mailed.

- Paragraph 3(b) of the Settlement Agreement shall be further modified to strike the language requiring Opt-In Plaintiffs who do not have a federal claim to bring their state claim, if any, in any court of competent jurisdiction within 60 calendar days after the Court approved Notice to conditional class members is mailed.

- Subject to the above modifications, the Notice of Settlement and Decertification proposed by Defendant is approved by the Court and must be sent by Plaintiffs' counsel to the Opt-In Plaintiffs within ten (10) business days of entry of this Order.

IT IS FURTHER ORDERED that the entire action is dismissed on the terms set forth herein.

IT IS FURTHER ORDERED that all parties shall bear their own fees and costs associated with pursuing or defending the collective action and settling this matter and that no Party or Party's attorney shall seek any costs and/or fees incurred in connection with this Litigation.

IT IS SO ORDERED THIS ___ day of _____, 2015.

_____
Hon. Richard M. Berman
United States District Judge

18584875v.3